**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MANDY GRIFFIN**                                                   **PLAINTIFF**

v.                      **CASE NO. 4:07CV1212 BSM**

**JIMMIE WEBB, et al.**                                        **DEFENDANT**

**ORDER**

Before the court are two motions in limine filed by defendants. The first seeks to limit testimony regarding damages (Doc. No. 41) and the second seeks to limit testimony that defendants claim is irrelevant (Doc. No. 42). Plaintiff has responded to both motions (Doc. Nos. 45, 46). Defendants' motion to limit testimony regarding punitive damages is granted and all remaining in limine requests are denied.

I. TESTIMONY REGARDING DAMAGES

Defendants move to limit plaintiff's testimony regarding reinstatement, claiming that plaintiff "is not licensed" and is thus "not qualified to work" as an LPN. Nothing prohibits plaintiff from proving that she is licensed and nothing indicates whether plaintiff can meet this burden. Therefore, defendant's motion is denied.

Defendants move to limit testimony regarding compensatory damages, arguing that plaintiff failed to mitigate her damages. This motion is denied because whether Mandy Griffin mitigated her damages is a jury question.

Plaintiff is precluded from obtaining punitive damages from the Arkansas Health Center (AHC) and the Department of Human Services (DHS), *City of Newport v. Fact*

*Concerts, Inc.,* 453 U.S. 247, 271 (1981); therefore, defendants' motion to limit testimony regarding punitive damages is granted as to those defendants.  Moreover, in that the only remaining claim against defendant John Selig is for prospective injunctive relief under § 1983, defendants' motion to exclude punitive damages testimony regarding defendant John Selig is granted.

Plaintiff, however, can recover punitive damages against defendant Jimmie Webb in her individual capacity, *Swipies v. Kofka*, 419 F.3d 709, 717-18 (8th Cir. 2005); therefore, defendants' motion to exclude punitive damages testimony regarding defendant Jimmie Webb in her individual capacity is denied.

Finally, defendants move to exclude testimony supporting emotional distress damages claiming that plaintiff has a history of anxiety and depression.  This motion is denied because whether plaintiff suffered emotional distress as a result of the facts giving rise to this case is a jury question.

## II. IRRELEVANT TESTIMONY

Defendants seek to exclude testimony regarding plaintiff's "relationship with her estranged husband," "her daughter's health," and  her mental health.  Defendants argue that such testimony is irrelevant, prejudicial to the defendant, and possibly misleading to a jury.  Defendants' motion is denied because the relevance of this evidence cannot be determined until it is offered in context with the other trial evidence.

IT IS SO ORDERED THIS 14th day of September, 2009.

                                                                                            UNITED STATES DISTRICT JUDGE